A CERTIFIED TRUE COPY

ATTEST

By Debbie Nguyen on Jun 08, 2010

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

Jun 08, 2010

FILED
CLERK'S OFFICE

**IN RE: ENDANGERED SPECIES ACT
SECTION 4 DEADLINE LITIGATION**

MDL No. 2165

## TRANSFER ORDER

**Before the entire Panel**: Defendants Ken Salazar, Secretary of the U.S. Department of the Interior, and the U.S. Fish and Wildlife Service (FWS) have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the District of District of Columbia. Common plaintiff in ten actions, WildEarth Guardians, opposes centralization or, alternatively, suggests centralization in the District of Colorado. Plaintiff in the remaining two actions, the Center for Biological Diversity (CBD), opposes centralization.

This litigation currently consists of twelve actions listed on Schedule A and pending in four districts as follows: six actions in the District of Colorado; four actions in the District of District of Columbia; and one action each in the District of Nevada and the District of New Mexico.[1]

This is an unusual group of cases. However, they do share factual questions arising out of petitions filed by plaintiffs to the FWS, seeking that defendants list many species as threatened or endangered pursuant to the Endangered Species Act (ESA). Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary. We see substantial benefits for judicial economy and more consistent rulings as a consequence of centralization. On the basis of the papers filed and hearing session held, we find that the twelve actions involve common questions of fact, and that centralization of these actions under Section 1407 in the District of District of Columbia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

In opposing centralization of these actions, WildEarth Guardians argues, *inter alia*, that (1) each of its actions involves unique species in separate geographical areas; and (2) discovery is located in defendants' regional offices, rather than nationwide headquarters. CBD argues that centralization would only serve to delay the litigation. While these arguments have merit, on balance, they are unconvincing. All actions allege that defendants have failed to make timely findings on the petitions for listing as required by Section 4 of the ESA. Discovery in these actions will likely overlap, as WildEarth Guardians has, according to defendants, already sought to discover

---

[1]    The initial Section 1407 motion included twenty actions, but eight of those actions are either settled or withdrawn from the motion.

-2-

information regarding defendants' nationwide listing budget, priorities, and workload; and defendants plan to explore plaintiffs' standing to bring suit.

We are persuaded that the District of District of Columbia is an appropriate transferee forum for this litigation.  Four actions are pending there.  Moreover, defendants are headquartered in this district, and relevant documents and witnesses are potentially located there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of District of Columbia are transferred to the District of District of Columbia and, with the consent of that court, assigned to the Honorable Emmet G. Sullivan for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | Barbara S. Jones |

**IN RE: ENDANGERED SPECIES ACT**
**SECTION 4 DEADLINE LITIGATION**                    MDL No. 2165

## SCHEDULE A

#### District of Colorado

WildEarth Guardians v. Ken Salazar, C.A. No. 1:09-2990
WildEarth Guardians v. Ken Salazar, C.A. No. 1:09-2997
WildEarth Guardians v. Ken Salazar, C.A. No. 1:10-57
WildEarth Guardians v. Ken Salazar, C.A. No. 1:10-169
WildEarth Guardians v. Ken Salazar, C.A. No. 1:10-256
WildEarth Guardians v. Ken Salazar, C.A. No. 1:10-263

#### District of District of Columbia

WildEarth Guardians v. Ken Salazar, C.A. No. 1:10-48
Center for Biological Diversity v. Ken Salazar, et al., C.A. No. 1:10-149
Center for Biological Diversity v. Ken Salazar, et al., C.A. No. 1:10-230
WildEarth Guardians v. Ken Salazar, C.A. No. 1:10-421

#### District of Nevada

WildEarth Guardians v. Ken Salazar, C.A. No. 3:10-53

#### District of New Mexico

WildEarth Guardians v. Ken Salazar, C.A. No. 6:10-122