**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE ENDANGERED SPECIES ACT SECTION 4 DEADLINE LITIGATION** <br><br> **This Document Relates To:** *Center for Biological Diversity v. Salazar*, No. 10-CV-00230 (EGS) | **Misc. Action No. 10-377 (EGS)** <br> **MDL Docket No. 2165** |

**MEMORANDUM OPINION**

Pending before the Court is a motion to intervene as of right or, in the alternative, for permissive intervention filed by Tejon Ranch Company, Tejon Ranchcorp, and Tejon Mountain Village, LLC (collectively "TRC"). TRC seeks to intervene in only one of the consolidated cases in this matter: *Center for Biological Diversity v. Salazar*, No. 10-230, which arises in part from a petition to list the Tehachapi slender salamander under the Endangered Species Act ("ESA"). TRC's motion is opposed by Plaintiff Center for Biological Diversity ("CBD") and by Plaintiff Wildearth Guardians ("Wildearth").[1] The federal defendants take no position on TRC's motion. Upon consideration of TRC's motion, the responses and reply thereto, the relevant

---

[1] Plaintiff Wildearth is not a party to Case No. 10-230 but filed a response to TRC's motion to intervene, as authorized by this Court's Minute Order dated August 6, 2010.

1

law, and for the reasons stated herein, TRC's motion to intervene is **DENIED**.

I.  **BACKGROUND**

   A.  **Statutory Background**

The ESA was enacted for the purpose of providing "a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved [and] . . . a program for the conservation of such endangered species and threatened species[.]"  16 U.S.C. § 1531(b).  The ESA requires the Secretary of the Interior to publish and maintain a list of all species that have been designated as threatened or endangered.[2]  *Id*. § 1533(c).  Species are added to and removed from this list through a notice and comment process, either on the initiative of the Secretary or as a result of a petition submitted by an "interested person."  *Id.* §§ 1533(b)(1), (3), (5).

The ESA establishes specific procedural steps for making a listing determination.  Within 90 days of receiving a listing petition, the United States Fish and Wildlife Service ("FWS") must "[t]o the maximum extent practicable" determine whether "the petition presents substantial scientific or commercial

---

[2]  The Secretary of the Interior (for terrestrial species) and the Secretary of Commerce (for marine species) are responsible for making listing determinations.  16 U.S.C. §§ 1532(15), 1533(a)(2).  The Secretaries have delegated their responsibilities under the Act to the United States Fish and Wildlife Service ("FWS"), in the case of Interior, and to the National Marine Fisheries Service, in the case of Commerce.

information indicating that the petitioned action may be warranted." 16 U.S.C. § 1533(b)(3)(A). If the FWS determines on this basis that listing may be warranted, it must promptly commence a review of the species' status. *Id.* Within 12 months of receiving the listing petition, the agency must have completed its review and must make a finding that listing is either: (1) not warranted; (2) warranted, but precluded by other listing priorities; or (3) warranted, in which case the FWS must publish a proposed rule to list the species in the Federal Register. *Id.* § 1533(b)(3)(B). The ESA permits no exceptions to this 12-month mandatory deadline.

    **B.**    **Factual and Procedural Background**

On February 28, 2006, the FWS received a citizen petition to list the Tehachapi slender salamander as an endangered or threatened species. *See* 90-Day Finding on a Petition to List the Tehachapi Slender Salamander (Batrachoseps stebbins) as Threatened or Endangered, 74 Fed. Reg. 18,336 (Apr. 22, 2009) ("90-Day Finding"). The Tehachapi slender salamander is a small, lungless amphibian believed to exist in only two populations in central California – one in Caliente Canyon in the southern Sierras, and the other in the Tehachapi Mountains. TRC Memorandum in Support of Motion to Intervene at 4, Docket No. 9 ("TRC Mem."). A portion of the Tehachapi population is found on Tejon Ranch, which is owned by Movant-Intervenor TRC. TRC Mem.

at 4.  Tejon Ranch is a 270,000-acre working ranch located 60 miles north of Los Angeles and 30 miles south of Bakersfield, California.  Declaration of Roberta Marshall in Support of Motion to Intervene ¶ 2, Docket No. 9-1 ("Marshall Decl.").  It is the largest contiguous piece of private property in California and supports ranching and farming operations, oil production, mining, recreational activities, and real estate development.  Marshall Decl. ¶ 2.  In 2008, Tejon Ranchcorp entered into a conservation agreement that will result in permanent conservation of up to 90% of the entire property.  Marshall Decl. ¶ 7.  There are, however, future development plans for the property that include a mountain resort community called Tejon Mountain Village ("TMV"), which will consist of homes, a destination resort, hiking trails, open space, and other amenities.  Marshall Decl. ¶ 2.  The petition to list the Tehachapi slender salamander asserts, among other things, that "development on the Tejon Ranch property poses serious threats to the species."  Marshall Decl. ¶ 9.

Over the past several years, TRC has been working with the FWS on a Multiple Species Habitat Conservation Plan ("MSHCP") for 27 threatened, endangered, and sensitive species that occupy habitat on Tejon Ranch, including the Tehachapi slender salamander.  Marshall Decl. ¶¶ 4-6.  Once this plan is approved, TRC will be able to pursue normal business activities, including future development, in exchange for adopting voluntary land use

restrictions and management prescriptions.  Marshall Decl. ¶ 3. As proposed, this MSHCP will permanently protect 3,507 of the 3,797 acres of suitable habitat for the salamander, along with other conservation measures.  Marshall Decl. ¶ 6.  The MSHCP was released for public comment in 2009 but has not yet been approved by the FWS. Marshall Decl. ¶ 4; TRC Mem. at 7.

On April 22, 2009, the FWS issued its 90-day finding on the Tehachapi slender salamander, concluding that "the petition presents substantial scientific or commercial information indicating that listing . . . may be warranted."  90-Day Finding, 74 Fed. Reg. at 18,341.  The FWS specifically found that the petition presented "credible and substantial" evidence that the species may be threatened by road construction and maintenance, residential and commercial development, livestock grazing, and mining.  *Id.* at 18,339.  Subsequently, on February 17, 2010, Plaintiff CBD filed a complaint in the United States District Court for the Eastern District of California challenging the FWS's failure to act on the Tehachapi slender salamander and listing petitions for six additional species. *Ctr. for Biological Diversity v. Salazar*, No. 10-401 (E.D. Cal. filed Feb. 17, 2010). TRC filed a motion seeking leave to intervene in that case on April 2, 2010.  TRC Mem. at 5.

Before TRC's motion could be resolved, CBD voluntarily dismissed the case and, on April 26, 2010, amended its complaint

in a related action pending before this Court to add claims regarding the Tehachapi slender salamander.  First Amended Complaint, *Ctr. for Biological Diversity v. Salazar*, No. 10-230, Docket No. 8 ("First Am. Compl.").  Specifically, Plaintiff CBD claims that the FWS failed to meet a statutory 12-month deadline to determine whether or not listing of this species is warranted.  First Am. Compl. ¶ 2.  Plaintiff requests relief in the form of (1) an order declaring that the FWS failed to comply with its statutorily-mandated deadline and (2) an order requiring the Secretary to make the required finding by a date certain.  First Am. Compl. ¶ 2.

Several related cases brought by Plaintiff CBD and Plaintiff Wildearth in other jurisdictions were subsequently transferred to this Court and consolidated for pre-trial proceedings by order of the United States Judicial Panel on Multidistrict Litigation.  Conditional Transfer Order, *In re: Endangered Species Act Section 4 Deadline Litigation*, No. 10-mc-377, Docket No. 1.  TRC sought to intervene in this matter on August 5, 2010.  This motion is now ripe for determination by the Court.

**II.  ANALYSIS**

TRC moves to intervene in this case as a matter of right pursuant to Federal Rule of Civil Procedure 24(a) or, in the alternative, by permission of the Court pursuant to Federal Rule of Civil Procedure 24(b).  Plaintiffs oppose TRC's motion in both

respects.  This Opinion addresses each of these requests in turn.

    **A.    Intervention as of Right**

Intervention as a matter of right is governed by Rule 24(a) of the Federal Rules of Civil Procedure, which states in relevant part:

> On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

In the D.C. Circuit an applicant must meet four criteria to be granted intervention as of right: (1) timeliness; (2) a protectable interest relating to the property or transaction that is the subject of the action; (3) impairment of the ability to protect that interest; and (4) inadequate representation of that interest by other parties. *Fund for Animals v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003).  In addition to satisfying these criteria, a party seeking to intervene as of right must demonstrate that it has standing under Article III of the Constitution. *Id.* at 732.  Because a prospective intervenor's Article III standing presents a question going to this Court's jurisdiction, *see Sierra Club v. EPA*, 292 F.3d 895, 898 (D.C. Cir. 2002), the Court must address standing before considering the four-part test for evaluating intervention as of right. *Fund*

*for Animals*, 322 F.3d at 732.

All litigants must demonstrate that they are "entitled to have the court decide the merits of the dispute" in order to properly invoke the jurisdiction of a federal court. *Warth v. Sedlin*, 422 U.S. 490, 498 (1975). At a minimum, an intervenor, like any party, must show (1) an injury-in-fact that is (a) concrete and particularized and (b) actual and imminent, (2) causation, and (3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

In attempting to demonstrate standing, TRC identifies two potential injuries. First, because Tehachapi slender salamanders are found on TRC property, TRC claims that the outcome of the FWS listing determination for this species may precipitate restrictions on the use of its land and business operations. TRC Mem. at 14, 16. As TRC notes, it is axiomatic that property owners have an interest in a suit that affects their property. *Foster v. Gueory*, 655 F.2d 1319, 1324 (D.C. Cir. 1981). Second, TRC asserts that it could suffer economic losses and additional delays in developing its property if the FWS is forced to render its listing decision on the Tehachapi slender salamander before TRC's proposed conservation plan has been finalized and approved. TRC Reply to Plaintiffs' Opposition to Motion to Intervene at 3, Docket No. 14 ("TRC Reply"). TRC asserts that the MSHCP is "intertwined" with the listing decision for the Tehachapi slender

salamander, such that once it is approved by FWS it could obviate the need for listing the species altogether. TRC Reply at 3. On the other hand, if the listing determination is made while the MSHCP is still pending, TRC would then be forced to spend additional time and resources revising the conservation plan to address the newly-listed species. TRC Reply at 3. The Court will explore these arguments in turn.

With regard to the purported injury to TRC's property interests, the Court finds that TRC has failed to satisfy the causation and redressability prongs of the Article III standing test. TRC's alleged injury is based entirely on the potential substantive outcome of the FWS's listing determination for the Tehachapi slender salamander, which is not before this Court. The case before this Court deals only with the FWS's alleged failure to complete a preliminary step in the listing process within the time period required by law. Because this Court will issue no order directly impacting TRC's use of its property, TRC's claims of injury from restrictions on its property use and business operations bear no relation to the present action.

While TRC's claims of injury from the timing of the FWS's listing decision are more relevant to the actual case before this Court, they likewise fail to establish standing. TRC's purported interest is in ensuring that its MSHCP will be approved and properly considered prior to listing the Tehachapi slender

salamander.  It is unclear how intervening here would protect that interest.  TRC does not allege and has not shown that its proposed habitat conservation plan will be approved or denied as a result of the instant lawsuit.  The question before this Court - whether the FWS fulfilled a procedural obligation to complete a review of the status of the Tehachapi slender salamander within the time period provided by law - has no apparent impact on whether TRC's proposed plan will be approved or properly considered.  Because TRC has failed to show both causation and redressability with respect to this injury as well, the Court finds that TRC does not have standing to intervene in this case.

For the same reasons, the Court finds that any interest TRC may have is not legally protectable by a judgment of the Court in this case. *United States v. Am. Tel. and Tel. Co.*, 642 F.2d 1285, 1291-92 (D.C. Cir. 1980) (defining a legally protectable interest as one which is "of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment").[3]

---

[3]  Nor is the Court persuaded by the primary case relied upon by TRC in support of its motion.  In *County of San Miguel v. Macdonald*, 244 F.R.D. 36 (D.D.C. 2007) (Walton, J.), the court granted intervention as of right over plaintiffs' objections that "lawsuits such as this one do not result in an order compelling the defendants to actually list the subject species."  *Id*. at 47.  In granting the intervention request, the court found that "the Gunnison sage grouse is the subject of the sought-after regulation and the intervenor-applicants' members benefit from the FWS's current 'not warranted' determination.  If the Court grants the relief that the plaintiffs seek, the threat of greater regulation of the lands the intervenor-applicants use and rely

Because the Court finds that TRC does not have standing to intervene and has failed to state a legally protectable interest in this case, the Court **DENIES** TRC's motion to intervene as of right.[4]

B. **Permissive Intervention**

In the alternative, TRC moves for permissive intervention under Federal Rule of Civil Procedure 24(b). Rule 24(b)(1)(B) provides for permissive intervention on a timely motion, where the applicant "has a claim or defense that shares with the main action a common question of law or fact." To litigate a claim on the merits under Rule 24(b)(2), the prospective intervenor must demonstrate (1) an independent grounds for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action. *Equal Emp't Opportunity Comm'n v. Nat'l Children's Ctr.,*

---

upon for their livelihoods and business operations would be imminent and would result in concrete injury to their members." *Id*. at 45. While the court's reasoning is persuasive, it is also distinguishable from this case because the plaintiffs in *County of San Miguel* requested substantive relief in the form of an order requiring the FWS to issue an emergency listing of the Gunnison sage grouse. *Id*. at 47. TRC does not face the same direct and immediate threat from the procedural relief sought by Plaintiff CBD in this case. *See Ctr. for Biological Diversity v. U.S. Fish and Wildlife Serv.*, No. 04-4324, 2005 U.S. Dist. LEXIS 42275 at *15 (N.D. Cal. May 30, 2005) (denying motion to intervene as of right because "[a]pplicant-intervenors' economic interests are not related to federal compliance or noncompliance" with non-discretionary requirements imposed by the ESA).

[4] Having found that TRC has no legally protectable interest sufficient to entitle it to intervene as of right, the Court need not consider the remaining elements of the four-part test.

146 F.3d 1042, 1046 (D.C. Cir. 1998).  If a prospective intervenor satisfies these criteria, courts "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1)(B).  Because permissive intervention is granted solely at the discretion of the district court, the Court may deny permission to intervene even if the applicant satisfies the necessary criteria.  *Nat'l Children's Ctr.*, 146 F.3d at 1048.

As a threshold matter the Court finds that the intervention motion was timely filed, and that TRC has demonstrated sufficient grounds for the Court's subject matter jurisdiction and common questions of law and fact with the main action.[5]  TRC Mem. at 22. The issue in this case, therefore, is whether intervention will lead to prejudice or delay.

After careful consideration of the parties' positions, the Court finds that allowing TRC to intervene could lead to undue delay and would potentially prejudice the adjudication of the original parties' rights.  This matter is currently stayed while the parties pursue settlement negotiations.  *See* Minute Order dated August 5, 2010.  Recognizing that TRC's stated purpose in

---

[5] Related to the issue of subject matter jurisdiction is the issue of standing.  Although intervenors of right are obligated to demonstrate standing, it is unclear in this Circuit whether standing is also required for permissive intervention.  *See In re Vitamin Antitrust Class Actions*, 215 F.3d 26, 31-32 (D.C. Cir. 2000).  As discussed above, TRC has not demonstrated Article III standing to intervene in this case.

seeking to intervene is, in part, to protect its interests by delaying a 12-month finding on the Tehachapi slender salamander (TRC Mem. at 19; TRC Reply at 16), the Court is unwilling to put TRC in a position to draw out ongoing settlement negotiations and to further delay the resolution of this case.

The Court also finds that denying TRC's motion to intervene will not prejudice TRC because intervening in this essentially procedural matter is not an appropriate mechanism for TRC to protect its substantive interests. TRC can best serve its stated interests by participating in the administrative review process for the FWS's eventual listing decision. If the FWS ultimately finds that the Tehachapi slender salamander warrants listing, TRC can then file its own lawsuit to protect those interests directly. While the Court is aware that it is "not enough to deny intervention . . . because the applicants may vindicate their interests in some later, albeit more burdensome, litigation," *Natural Res. Def. Council v. Costle*, 561 F.2d 904, 910 (D.C. Cir. 1977), the case before the Court offers TRC no opportunity to effectively vindicate its interests.

Therefore, in order to avoid the potential for undue delay and prejudice to the original parties, the Court **DENIES** TRC's request for permissive intervention.

### III.   CONCLUSION

For the reasons stated herein, the Movant-Intervenors'

Motion to Intervene is **DENIED**.  An appropriate Order accompanies this Memorandum Opinion.

    **SO ORDERED.**

**Signed by:**    **Emmet G. Sullivan**
                    **United States District Court Judge**
                    **August 27, 2010**