EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| IN RE ENDANGERED SPECIES ACT SECTION 4 DEADLINE LITIGATION | ) ) ) ) ) | Misc. Action No. 10-377 (EGS) MDL Docket No. 2165 |
| This Document Relates To: *WildEarth Guardians v. Salazar*, Nos. 10-cv-0048; 10-cv-0421; 10-cv-1043; 10-cv-1045; 10-cv-1048; 10-cv-1049; 10-cv-1050; 10-cv-1051; 10-cv-1068; 10-cv-2299; 10-cv-2595; and 10-cv-3366. | ) ) ) ) ) ) ) ) ) |  |

**STIPULATED SETTLEMENT AGREEMENT**

This Stipulated Settlement Agreement ("Agreement") is entered into by and between the Plaintiff WildEarth Guardians ("Guardians" or "Plaintiff") and Defendants Ken Salazar, in his official capacity as Secretary of the Interior; Rowan Gould, in his official capacity as Acting Director of the U.S. Fish and Wildlife Service ("Service" or "FWS"); and the Service (collectively, "Defendants"), (collectively, the "Parties"), who state as follows:

WHEREAS, the Endangered Species Act ("ESA" or the "Act") provides that within 90 days after receiving a petition and to the maximum extent practicable, the Secretary shall make an initial finding ("90-day finding") as to "whether the petition presents substantial scientific or commercial information indicating that the petitioned action may be warranted," 16 U.S.C. § 1533(b)(3)(A);

WHEREAS, the ESA provides that within 12 months after receiving a petition that is found to present substantial information indicating the petitioned action may be warranted, the Secretary shall make a finding as to whether the petitioned action is not warranted, warranted, or

warranted but precluded by higher priority actions ("warranted-but-precluded") (collectively, "12-month finding"), 16 U.S.C. § 1533(b)(3)(B);

WHEREAS, the ESA provides that if the Service finds that the petitioned action is warranted, it shall publish in the Federal Register "a general notice and the complete text of a proposed regulation to implement" the listing ("Proposed Rule"), and take other required procedural steps, 16 U.S.C. § 1533(b)(3)(B)(ii), 1533(b)(4)-(5);

WHEREAS, the ESA provides that, within one year of the publication of a Proposed Rule, the Service shall publish a final regulation placing the species at issue on the endangered or threatened list, notice that the Proposed Rule is being withdrawn, or notice that it is invoking a six-month extension for making its determination, 16 U.S.C. § 1533(b)(6)(A)-(B);

WHEREAS, the Service also may list species as endangered or threatened on its own initiative, which the Service refers to as the "candidate process," 16 U.S.C. § 1533(a)(1); under the candidate process, the Service identifies species that warrant listing and either proposes them for listing or, if issuance of a Proposed Rule is precluded by other listing activities, designates the species as candidates for listing, see, e.g., 64 Fed. Reg. 57,534 (Oct. 25, 1999);

WHEREAS, for any petitioned action that the Service determines is warranted-but-precluded, the ESA requires the Service to treat the petition as resubmitted as of the date of that finding, as a petition that presents substantial scientific or commercial action that the petitioned action may be warranted, 16 U.S.C. § 1533(b)(3)(C)(i);

WHEREAS, as a means of tracking its resubmitted petitions, or warranted-but-precluded findings, the Service adds species with warranted-but-precluded findings to the same list as species that the Service has determined to be candidates for listing.  The Service makes its required annual findings on these species through the Candidate Notice of Review ("CNOR");

WHEREAS, the Service has been forced to allocate its scarce ESA Listing Program ("Listing Program") resources over the last 15 years to actions that have statutory deadlines, but there is no statutory deadline for the issuance of proposed listing rules;

WHEREAS, on November 10, 2010, the Service published the most recent CNOR, identifying 251 species that are candidates for protection as threatened or endangered species ("2010 CNOR"), 75 Fed. Reg. 69,222;

WHEREAS, many of these 251 candidate species have been on the candidate list awaiting publication of a Proposed Rule for long periods of time, during which those candidate species have not benefited from the legal protections of the ESA;

WHEREAS, on, December 23 and 26, 2009; January 8, 12, 26, and 28, 2010; February 8, 11, and 12, 2010; and March 15, 2010, Guardians filed ten complaints for declaratory and injunctive relief alleging that the Secretary failed to comply with a statutory duty to make 12-month findings on petitions to list 12 species as threatened or endangered under the ESA, Nos. 1:09-2290 and 1:09-2997 (D. Colo.); Nos. 1:10-0048 (D. D.C.), 1:10-57 (D. Colo.), 1:10-169 (D. Colo.), and 3:10-53 (D. Nev.); Nos. 1:10-256 (D. Colo.), 6:10-122 (D. N.M.), and 1:10-263 (D. Colo.); and No. 1:10-421 (D. D.C.), respectively;

WHEREAS, on June 8, 2010, the Judicial Panel on Multidistrict Litigation ("Panel") transferred all of the above-listed cases to the U.S. District Court for the District of Columbia, MDL No. 2165;

WHEREAS, on June 29, 2010, this Court consolidated all of these actions;

WHEREAS, on September 20, 2010, and October 25 and 27, 2010, Guardians filed three additional complaints for declaratory and injunctive relief alleging that the Secretary failed to comply with a statutory duty to make either a 90-day finding or a 12-month finding on petitions

to list nine Texas mollusks, the Utah population of the gila monster ("gila monster"), and the Mexican wolf, Nos. 4:10-cv-03366 (S.D. Tex.), 10-cv-02595 (D. Colo.), and 2:10-cv-02299 (D. Ariz.), respectively;

WHEREAS, on December 6, 2010, and January 3, 2011, this Court consolidated the nine Texas mollusks, gila monster, and Mexican wolf cases with this action as tag-along cases;

WHEREAS, the ESA provides the Service with the authority to emergency list a species without regard to the petition or candidate process when the Service finds that an emergency exists "posing a significant risk to the well-being of any species of fish or wildlife or plants"; under this authority, the Service may order that an emergency listing regulation "take effect immediately upon publication of the regulation in the Federal Register," 16 U.S.C. § 1533(b)(7);

WHEREAS, the ESA provides that the Service shall, to the maximum extent prudent and determinable, designate critical habitat for a species concurrently with making a final listing determination that the species is a threatened or endangered species, 16 U.S.C. § 1533(a)(3)(A), 1533(b)(6)(C);

WHEREAS, the listing of species as threatened or endangered is the keystone of the ESA providing species with all of the substantial protections provided by the Act;

WHEREAS, to invoke the full protections of the ESA for species that warrant listing, the Service must propose and finalize listing rules for those species;

WHEREAS, the Listing Program will be more efficient and effective if it is able to devote its resources to completing a balanced workload of petition findings, proposed and final listing rules, and critical habitat determinations;

WHEREAS, resolution of these consolidated cases in the manner described below may also resolve the claims in five other pending cases against the Service, in which the Plaintiff and

other parties are challenging the merits of one or more warranted-but-precluded findings the Service made pursuant to 16 U.S.C. § 1533(b)(3)(B)(iii), see Paragraphs 12 and 15, *infra*;

WHEREAS, the Defendants are required to complete a significant number of petition findings, proposed and final listing rules, and critical habitat determinations pursuant to settlement agreements and court orders that are already in existence at the signing of this Agreement (listed in the attached Exhibit A) and the respective courts that issued those orders or approved those settlement agreements have retained jurisdiction to enforce or modify those agreements and orders;

WHEREAS, the Parties agree that this Agreement will resolve all of the claims currently at issue in the consolidated cases, is a just resolution of a large amount of existing litigation, will prevent the filing of an even greater amount of anticipated litigation, is in the public interest, and is an appropriate way to resolve the disputes between them;

WHEREAS, the Plaintiff and Defendants, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiff's claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the claims raised in these consolidated cases.

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1. The Defendants shall submit to the Federal Register all actions identified in the Service's work-plan for fiscal years ("FYs") 2011 and 2012 (attached as Exhibit B) no later than the fiscal years specified in the work-plan.  Among the actions that the Defendants shall complete in accordance with this paragraph, the Defendants shall submit a Proposed Rule or

a not-warranted finding to the Federal Register for the Mexican wolf no later than the end of
FY 2012.

2. The Defendants shall, for all 251 species that were designated as "candidates" in the 2010
   CNOR, submit to the Federal Register for publication either a Proposed Rule or a not-
   warranted finding no later than September 30, 2016.  Among the actions that the Defendants
   shall complete in accordance with this paragraph, the Defendants shall submit a Proposed
   Rule or a not-warranted finding to the Federal Register for the following species no later than
   the end of the specified fiscal year: New Mexico meadow jumping mouse by FY 2013;
   Pacific fisher by FY 2014; and greater sage-grouse, including any Distinct Population
   Segments, by FY 2015.

3. The Defendants shall submit a Proposed Rule or a not-warranted finding to the Federal
   Register for the Sonoran desert tortoise no later than the end of FY 2015.

4. The Defendants shall submit to the Federal Register a proposed rule to amend the Distinct
   Population Segment boundaries for the Canada lynx to include New Mexico no later than the
   end of FY 2013.

5. The Defendants shall submit a 12-month finding to the Federal Register for the rattlesnake-
   master borer moth no later than the end of FY 2013.

6. It shall constitute adequate progress towards meeting the requirements set forth in paragraph
   2 if the combined number of species for which the Defendants submit Proposed Rules or not-
   warranted findings to the Federal Register in accordance with paragraph 2 totals no fewer
   than 130 out of 251 by September 30, 2013; no fewer than 160 out of 251 by September 30,

2014; and no fewer than 200 out of 251 by September 30, 2015.  If the combined number of species for which the Defendants submit Proposed Rules or not-warranted findings to the Federal Register in accordance with paragraph 2 by one of the above dates falls below the cumulative totals specified, the Plaintiff may raise the discrepancy in accordance with the dispute-resolution process set forth in paragraph 16.  If the Parties are not able to reach agreement on whether the Agreement needs to be modified, and if so, what the modification should be, the Plaintiff may obtain relief from the Court in accordance with paragraphs 15 and 16 only if the Court determines it is no longer reasonably likely that the Defendants will be able to comply with paragraph 2.

7.  For each Proposed Rule submitted to the Federal Register in accordance with paragraphs 1 through 4, the Defendants shall make a final listing determination in accordance with the statutory deadlines provided in 16 U.S.C. § 1533(b)(6)(A)-(B).  The Defendants shall make a final determination on the proposed critical habitat designation for the jaguar in accordance with the statutory deadlines provided in 16 U.S.C. § 1533(b)(6)(C).

8.  For species that are the subject of final listing rules promulgated in accordance with paragraph 7, the Defendants intend to designate critical habitat concurrently with the final listing rule to the maximum extent prudent and determinable, in accordance with 16 U.S.C. § 1533(a)(3) and § 1533(b)(6)(C).  If there are instances where the Defendants do not designate critical habitat concurrently with the final listing rule, excluding proposed or final critical habitat determinations listed in Exhibits A or B, such non-concurrent designation will not constitute a violation of this Agreement, and Plaintiff agrees that it will not bring litigation to compel designation during the term of this Agreement, pursuant to paragraph 9.

9.  Prior to March 31, 2017, Guardians shall not file any lawsuit to enforce the statutory deadlines in 16 U.S.C. § 1533(a) and (b) or to challenge any warranted-but-precluded finding in accordance with 16 U.S.C. § 1533(b)(3)(B)(iii) for any species within the jurisdiction of the Department of the Interior.  Prior to March 31, 2017, the Plaintiff shall not actively solicit other parties to file any such litigation, or materially support, either by funding or providing legal assistance in, such litigation filed by another party.  The prohibition of solicitation and material support for litigation by others does not preclude Guardians from providing biological information concerning the imperilment of species to other organizations or individuals, if requested.  Nothing in this paragraph bars the Plaintiff from filing a lawsuit to enforce the duties of 16 U.S.C. § 1533(b)(3)(C)(iii).  Additionally, the prohibition against litigation before March 31, 2017, to enforce the statutory deadlines in 16 U.S.C. § 1533(b) shall not apply to litigation filed in the U.S. District Court for the District of Columbia seeking to compel a 12-month finding for any species identified in the Plaintiff's (1) June 18, 2007, Petition to FWS Region 2, positive 90-day findings made in December 2009; (2) July 24, 2007, Petition to FWS Region 6, positive 90-day findings made in August 2009; (3) October 9, 2008, Petition to FWS for 5 Texas Mussels, positive 90-day findings made in December 2009; (4) October 9, 2008, Petition to FWS for Chihuahua Scurfpea, positive 90-day finding made in December 2009, so long as such litigation is filed no sooner than 5 years and 11 months after the cause of action accrues.  If the Plaintiff files any such litigation to compel a 12-month finding, the Parties shall jointly move to stay the litigation; if the Court denies the motion, the Plaintiff agrees not to seek any relief in such litigation that would require the Defendants to expend resources before the end of this Agreement.  Between September 30, 2016, and March 31, 2017, the Parties will meet to discuss the resolution of

any potential future Section 4 deadline litigation.  The Plaintiff will contact the Defendants to initiate these discussions.  The Parties may seek the involvement of a mediator in such meeting or meetings, if appropriate.

10. The Parties agree that the timetables for resolving the status of candidate species outlined in this Agreement constitute expeditious progress in adding qualified species to the lists of threatened and endangered species.  The Parties further agree that this Agreement, if executed and implemented as set forth herein, provides for the Service's orderly administration of its Listing Program, including the reduction of the number of candidate species.  The Defendants have concluded that fulfilling the commitments set forth in this Agreement, along with other commitments required by court orders or court-approved settlement agreements already in existence at the signing of this Settlement Agreement (listed in Exhibit A), will require substantially all of the resources in the Listing Program.  For the purposes of entering into and facilitating compliance with this Agreement, Guardians accepts this conclusion.

11. With respect to the submission and processing of petitions pursuant to 16 U.S.C. § 1533(b)(3), the Parties agree that the purposes of the Act would be furthered if at the end of this Agreement the Defendants are able to maintain a Listing Program with a balanced output of petition findings, proposed and final listing determinations, and proposed and final critical habitat designations.  Therefore, the Plaintiff will not submit new petitions to list more than 10 species in any fiscal year (October 1 through September 30) from the date this Agreement becomes effective until September 30, 2016.  If at any time a party that is not a signatory to this Agreement files a complaint alleging that the Defendants have not complied with their statutory duty to complete a 90-day and/or 12-month finding on one of the Guardians'

petitions within the statutory deadline, Guardians hereby states that any such litigation and any potential relief requiring a finding on the petition outside of the parameters of this Agreement are contrary to the spirit and purpose of the Agreement and destructive to the accomplishment of Guardians' goals in entering this Agreement, which, if executed and implemented as set forth herein, provides for the Service's orderly administration of its Listing Program.  Defendants may request Guardians to provide, and/or Guardians may in its discretion provide, an amicus brief or declaration or some other means to inform the Court of the same.

12. Upon approval of this Agreement by the Court, the Parties will file joint motions to dismiss the following five cases with prejudice:  WildEarth Guardians v. Salazar, Civ. No. 4:10-420 (D. Ariz.); WildEarth Guardians v. Guertin, et al., Civ. No. 1:10-1959 (D. Colo.); WildEarth Guardians v. Salazar, Civ. No. 1:10-2129 (D. Colo.); Biodiversity Conservation Alliance, et al. v. Kempthorne, et al., Civ. No. 04-2026 (D. D.C.); and Western Watersheds Project, et al. v. Salazar, Civ. No. 4:10-229 (D. Idaho).  Before filing the joint motions to dismiss, the Plaintiff will inform any parties who are co-plaintiffs in those cases, and use good-faith efforts to secure the agreement of those parties to join in the motions to dismiss.  The agreement of any such co-plaintiffs shall not be required before the Parties herein file motions to dismiss.  The Defendants reserve the right to assert all available legal defenses in any of the cases identified in this paragraph.  With respect to each of these cases, if the respective court dismisses the case in its entirety with prejudice, Defendants agree that the Plaintiff is the prevailing party with regard to its claims in that case, and is thus entitled to an award of reasonable attorney's fees and costs.  If a co-plaintiff in such cases agrees to a joint motion to dismiss the case in its entirety with prejudice, then Defendants agree that such co-

plaintiff would also be entitled to an award of reasonable attorney's fees and costs with regard to their claims in that case. In each such case, the Parties will attempt to reach agreement as to the appropriate amount of any fee recovery. If they are unable to do so, within 60 days of an order dismissing the action in its entirety, the Plaintiff will file an application for the recovery of fees and costs with the respective courts. As stated in Paragraph 15, the Defendants may terminate the Agreement if any one or more of the cases identified in this paragraph is not dismissed in its entirety with prejudice.

13. The Parties agree to use their best efforts to ensure that any court order resulting from a case filed by a non-signatory to this Agreement to enforce the statutory deadlines in 16 U.S.C. § 1533(a)-(b) or to challenge the merits of a listing or critical habitat petition finding or rulemaking does not interfere with Defendants' ability to satisfy their obligations under this Agreement. Defendants reserve the right to seek consolidation of any such case with this case by filing a Notice of Related Action with this Court or the Panel. In any litigation filed by a party that is not a signatory to this Agreement to enforce the statutory deadlines in 16 U.S.C. § 1533(a)-(b), or in the remedy phase of any successful merits challenge to a listing or critical habitat petition finding or rulemaking, the Parties state that, in considering any appropriate relief, the court with jurisdiction over that case should ensure that the relief granted will not interfere with the Defendants' ability to comply with the requirements of this Agreement, giving due weight to Defendants' assessment of their available resources.

14. The Parties acknowledge that they have entered into this Agreement based on Defendants' conclusion that they will have the ability to fulfill the requirements of the Agreement. The Defendants reached this conclusion based on certain assumptions they have made regarding the time during which the Agreement is in effect, specifically (i) that the amount of funding

11

available to the listing program in each fiscal year the Agreement is in effect will not be substantially less than the FY 2011 request level; (ii) that the number of species petitioned each fiscal year from all petitioners will not be substantially more than historical levels prior to 2007; (iii) that the level of deadline litigation in the Listing Program will be significantly reduced from levels occurring in 2008-2010 during the period of this Agreement; (iv) that the Defendants will not be required to comply with significant additional court orders to complete new 12-month petition findings, listing determinations, or critical habitat designations; (v) that the Defendants will continue to have the legal authority to complete proposed or final listing determinations; and (vi) that the Defendants will continue to have the authority to hire and retain sufficient listing program staff to be able to carry out the specified commitments.

15. Any of the provisions of this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the Parties filed with and approved by the Court, or upon written motion filed by one of the Parties and granted by the Court.  Either Party may seek to terminate this Agreement by initiating the dispute resolution process set forth in paragraph 16 if, absent extensive modification to the Agreement, it would not be reasonable to require continued compliance with the Agreement.  In addition, the Defendants may terminate the Agreement if (i) any one or more of the cases identified in Paragraph 12 is not dismissed in its entirety with prejudice, or a motion to dismiss as moot is denied in any other merits challenge to a warranted-but-precluded finding underlying the candidate status of a species that is subject to the requirement to complete either a Proposed Rule or a not-warranted finding in accordance with paragraph 2, including Center for Biological Diversity, et al. v. Salazar, Civ. No. 3:10-

1501 (N.D. Cal.), or (ii) if the Defendants determine that the level of deadline litigation in the Listing Program has not been significantly reduced below the levels occurring in 2008-2010. The Court may modify or terminate the Agreement for any reason it deems equitable and appropriate, taking into consideration the relevant circumstances, including the assumptions set forth in paragraph 14, any proposed modifications suggested by either of the Parties, and the extent to which the conduct of the Parties demonstrates that they have continued to act in a good-faith effort to comply with the Agreement and to protect the feasibility of continued compliance. The Parties recognize that a modification to the Agreement may—if necessary, equitable, and appropriate—include removing requirements from the Agreement, or extending the timeline for completing such requirements.

16. In the event that either Party seeks to modify the terms of this Agreement or in the event of a dispute arising out of or relating to this Agreement, or in the event that either Party believes that the other Party has failed to comply with any term or condition of this Agreement, the Party seeking the modification, raising the dispute, or seeking enforcement shall provide the other Party with written notice. If the Defendants are seeking the modification for any reason, including but not limited to future events that diverge from the Defendants' assumptions identified in paragraph 14, they may include in the written notice an identification of developments that have led to the need for modification, a description of the scale of those developments, and a proposed modification as set forth in paragraph 15. The Parties agree that they will confer at the earliest possible time in a good-faith effort to resolve the dispute before pursuing relief from the Court. The Parties may request the assistance of a mediator, if appropriate. If the Parties are unable to resolve the dispute within a reasonable time, the complaining party may seek relief from the Court. In the event that Defendants fail

to meet a deadline and have not sought to modify it, the Plaintiff's first remedy shall be a motion to enforce the terms of this Agreement. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

17. At least once each fiscal year, in the fall, the Parties will confer regarding this Agreement and the status of the Parties' compliance with the requirements herein. The Parties will also discuss whether any modifications to the Agreement are appropriate. Such discussions shall also include consideration of whether Defendants desire to process any petition or prospective petition submitted or being considered by Plaintiff through Defendants' internal candidate species assessment process. The Defendants will contact the Plaintiff to initiate this discussion.

18. The terms of this Agreement are not intended to be enforceable by any person or entity other than the Parties hereto and the Court. This Agreement may be cited by the Parties in any ESA deadline litigation or warranted-but-precluded litigation filed by non-parties, as well as in the remedy phase of any ESA Section 4 merits challenge.

19. Nothing in this Agreement shall be construed as precluding the Defendants from establishing schedules for the listing of endangered and threatened species that are earlier than those set forth in this Agreement.

20. This Agreement requires the Defendants to take the actions described above by the fiscal years specified in Exhibit B and paragraphs 1, 2, 3, 4, 5, and 7. The Agreement shall not (and shall not be construed to) limit or modify the discretion accorded to the Defendants by the ESA, the Administrative Procedure Act ("APA"), or general principles of administrative law with respect to the procedures to be followed in making any determination required

herein or as to the substance of any such determination.  No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take any action in contravention of the ESA, the APA, or any other law or regulation, either substantive or procedural.

21. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that the Defendants are obligated to expend or pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.

22. The Parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the Parties.  By entering into this Agreement the Parties do not waive any claim or defense.

23. Except as provided in paragraphs 8 and 9, nothing in this Agreement will bar the Plaintiff from challenging the merits of the Defendants' decisions regarding, or treatment of, any individual species.  Nothing in this Agreement will bar the Defendants from defending its decisions in such cases, or waive any defenses.

24. The Defendants agree that the Plaintiff is the prevailing party with regard to its claims in this consolidated litigation related to the allegedly untimely issuance of 90-day and 12-month petition findings, and thus are entitled to an award of reasonable attorneys' fees and costs pursuant to section 11(g)(4) of the ESA, in these consolidated cases.  16 U.S.C. § 1540(g)(4). The Parties will attempt to reach agreement as to the appropriate amount of the fee recovery. If they are unable to do so, the Plaintiff will file an application with the Court for the recovery of fees and costs within 60 days of the approval of this Agreement by the Court.

The Parties agree that any fees award pursuant to this paragraph shall not be duplicative of any fees award pursuant to Paragraph 12.

25. Use of the term "species" anywhere in this Agreement refers to the term as defined at 16 U.S.C. § 1532(16).

26. The undersigned representatives of each Party certify that they are fully authorized by the Party or Parties they represent to execute this Agreement.

27. For any subsequent communications between the Parties undertaken in accordance with this Agreement, the Parties will contact the following individuals or their successors using the appropriate contact information below:

For Plaintiff:

> Nicole J. Rosmarino
> Wildlife Program Director
> WildEarth Guardians
> 6439 E. Maplewood Avenue
> Centennial, CO 80111
> 303-993-6744
> Email: nrosmarino@wildearthguardians.org

For Defendants:

> Chief, Division of Conservation and Classification
> and
> Chief, Office of ESA Litigation
> Endangered Species Program
> United States Fish and Wildlife Service
> 4401 North Fairfax Drive, Room 420
> Arlington, VA  22203
> Phone:  (703) 358-2171
> Fax:  (703) 358-1735

28. Upon entry of this Agreement by the Court, pursuant to Federal Rule of Civil Procedure 41(a)(1), the claims in the Plaintiff's Complaints as to those species listed in Exhibit B or paragraphs 1 through 5 of this Agreement shall be dismissed with prejudice and the claims in the Plaintiff's Complaints as to the remaining species shall be dismissed without prejudice. Notwithstanding the dismissal of this action, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).

29. This Agreement is effective as of the date it is approved by the Court.

Dated:  May 10, 2011                              Respectfully submitted,

                                                 IGNACIA S. MORENO
                                                 Assistant Attorney General
                                                 SETH M. BARSKY
                                                 Section Chief
                                                 KRISTEN L. GUSTAFSON
                                                 Assistant Section Chief
                                                 MEREDITH L. FLAX
                                                 Senior Trial Attorney


                                                 */s/ Clifford E. Stevens, Jr.*
                                                 CLIFFORD E. STEVENS, JR.
                                                 Trial Attorney
                                                 H. HUBERT YANG
                                                 Trial Attorney
                                                 United States Department of Justice
                                                 Environment & Natural Resources Division
                                                 Wildlife & Marine Resources Section
                                                 601 D Street, N.W.
                                                 Washington, DC 20004
                                                 Tel: (202) 305-0210
                                                 Fax: (202) 305-0275
                                                 E-mail: clifford.stevens@usdoj.gov
                                                 E-mail: hubert.yang@usdoj.gov

                                                 *Attorneys for Defendants*

17

_/s/ Jay Tutchton_

JAY TUTCHTON
WildEarth Guardians
6439 E. Maplewood Avenue
Centennial, CO 80111
Tel: (720) 301-3843
E-mail: jtutchton@wildearthguardians.org

_Attorney for Plaintiff_

# EXHIBIT A

**Exhibit A:  Listing and Critical Habitat Actions Pursuant to Court Orders and Settlement Agreements**

| RO | Species | Action | FR Date | Court |
|---|---|---|---|---|
| 8 | Hermes copper butterfly | 12m | 4/15/2011 | S.D. Cal. |
| 6 | Mountain plover | FL | 5/1/2011 | S.D. Cal. |
| 8 | Lane Mountain milkvetch | rFCH | 5/16/2011 | C.D. Cal. |
| 8 | Riverside fairy shrimp | rPCH | 5/20/2011 | S.D. Cal. |
| 2 | 4 Southwestern invertebrates (Roswell springsnail, Koster's springsnail, Noel's amphipod, and Pecos assiminea) | rFCH | 5/30/2011 | D.N.M. |
| 3 | Tumbling Creek cavesnail | FCH | 6/30/2011 | W.D. Wash. |
| 8 | California tiger salamander (Sonoma) | rFCH | 7/1/2011 | N.D. Cal. |
| 6 | Whitebark pine | 12m | 7/15/2011 | D.D.C. |
| 2 | Southwest willow flycatcher | rPCH | 7/31/2011 | D. Ariz. |
| 8 | Coachella Valley milkvetch | rPCH | 8/18/2011 | C.D. Cal. |
| 4 | Mississippi gopher frog | rPCH | 9/15/2011 | D.D.C. |
| 8 | Long fin smelt | 12m | 9/30/2011 | N.D. Cal. |
| 8 | 2 plants (Munz' onion and San Jacinto Valley crownscale) | rPCH | 10/7/2011 | C.D. Cal. |
| 8 | Tidewater goby | rPCH | 10/7/2011 | N.D. Cal. |
| 2 | Spikedace and loachminnow | rFCH | 10/14/2011 | D.N.M. |
| 1 | Northern spotted owl | rPCH | 11/15/2011 | D.D.C. |
| 1 | Woodland caribou | PCH | 11/20/2011 | E.D. Wash. |
| 8 | 2 suckers (Lost River and shortnose sucker) | rPCH | 11/30/2011 | D. Or. |
| 2 | Bexar County invertebrates (Rhadine exilis and R. infernalis (ground beetles, no common name), Helotes mold beetle, Cokendolpher Cave harvestman, Robber Baron Cave meshweaver, Madla Cave meshweaver, Braken Bat Cave meshweaver, Government Canyon Bat Cave meshweaver, and Government Canyon Bat Cave spider) | rFCH | 2/7/2012 | W.D. Tex. |
| 8 | Willowy monardella | rFCH | 2/17/2012 | S.D. Cal. |
| 2 | Chiricahua leopard frog | FCH | 3/8/2012 | D. Ariz. |
| 8 | Buena Vista Lake Shrew | rFCH | 3/22/2012 | E.D. Cal. |
| 4 | Mississippi gopher frog | FCH | 5/30/2012 | D.D.C. |
| 8 | Western snowy plover | rFCH | 6/5/2012 | N.D. Cal. |
| 2 | Southwest willow flycatcher | rFCH | 7/31/2012 | D. Ariz. |
| 2 | Comal Springs Invertebrates | rPCH | 10/17/2012 | W.D. Tex. |
| 1 | Northern spotted owl | rFCH | 11/15/2012 | D.D.C. |
| 8 | Riverside Fairy Shrimp | rFCH | 11/15/2012 | S.D. Cal. |
| 1 | Woodland caribou | FCH | 11/20/2012 | E.D. Wash. |
| 8 | Tidewater goby | rFCH | 11/27/2012 | N.D. Cal. |
| 8 | 2 suckers (Lost River and shortnose sucker) | rFCH | 11/30/2012 | D. Or. |
| 8 | Coachella Valley Milkvetch | rFCH | 2/14/2013 | C.D. Cal. |
| 8 | 2 plants (Munz' onion and San Jacinto Valley crownscale) | rFCH | 4/6/2013 | C.D. Cal. |
| 2 | Comal Springs Invertebrates (Comal Springs dryopid beetle, Comal Springs riffle beetle, and Peck's cave amphipod) | rFCH | 10/13/2013 | W.D. Tex. |
| 6 | Utah prairie dog | 90d | 6/13/2011* | D.D.C. |

\* Anticipated delivery date to FR.  Court did not set a date in its remand.

# EXHIBIT B

Exhibit B: Listing and Critical Habitat Work Plan for Fiscal Year (FY) 2011 and 2012

| RO | Species | Action | FR Date |
|----|---------|--------|---------|
| 1 | 7 yellow-faced bees (*Hylaeus anthracinus, H. assimulans, H. facilis, H. hilaris, H. kuakea, H. longiceps, and H. mana*) | 12m | FY 2011 |
| 1 | Black-footed albatross | 12m | FY 2011 |
| 1 | Dusky tree vole | 12m | FY 2011 |
| 1 | Giant palouse earthworm | 12m | FY 2011 |
| 1 | Kokanee-Lake Sammamish population | 12m | FY 2011 |
| 2 | 2 Texas shiners (*Cyprinella* sp., *C. lepida*) | 12m | FY 2011 |
| 2 | 3 South Arizona plants (*Erigeron piscaticus, Astragalus hypoxylus, Amoreuxia gonzalezii*) | 12m | FY 2011 |
| 2 | 3 Texas moths (*Ursia furtiva, Sphingicampa blanchardi, Agapema galbina*) | 12m | FY 2011 |
| 2 | 5 Central Texas mussels (Texas fatmucket, golden orb, smooth pimpleback, Texas pimpleback, and Texas fawnsfoot) | 12m | FY 2011 |
| 2 | Anacroneuria wipukupa (Stonefly) | 12m | FY 2011 |
| 2 | Cactus ferruginous pygmy owl | 12m | FY 2011 |
| 2 | Grand Canyon cave pseudoscorpion | 12m | FY 2011 |
| 2 | Northern leopard frog | 12m | FY 2011 |
| 3 | Frigid ambersnail | 12m | FY 2011 |
| 3 | Oklahoma grass pink (*Calopogon oklahomensis*) | 12m | FY 2011 |
| 4 | Berry Cave salamander | 12m | FY 2011 |
| 4 | Gopher tortoise | 12m | FY 2011 |
| 4 | Ozark chinquapin | 12m | FY 2011 |
| 4 | Puerto Rico harlequin butterfly | 12m | FY 2011 |
| 4 | Striped newt | 12m | FY 2011 |
| 6 | 2 CO plants (*Astragalus microcymbus, A. schmolliae*) | 12m | FY 2011 |
| 6 | 3 Mountain invertebrates (Bearmouth Mountainsnail, Byrne Resort Mountainsnail, and Meltwater Lednian Stonefly) | 12m | FY 2011 |
| 6 | 5 UT plants (*Astragalus hamiltonii, Eriogonum soredium, Lepidium ostleri, Penstemon flowersii, Trifolium friscanum*) | 12m | FY 2011 |
| 6 | 5 Wyoming plants (Yellowstone sand verbena, *Abronia ammophila* involved in MDL litigation; *Agrostis rossiae, Astragalus proimanthus, Boechere Arabis pusilla* (Fremont County rockcress), *Penstemon gibbensii*) | 12m | FY 2011 |
| 6 | Fisher | 12m | FY 2011 |
| 6 | Leatherside chub | 12m | FY 2011 |
| 8 | California golden trout | 12m | FY 2011 |
| 8 | Mohave ground squirrel | 12m | FY 2011 |
| 8 | Mojave fringe-toed lizard | 12m | FY 2011 |
| 8 | Mount Charleston blue butterfly | 12m | FY 2011 |
| 8 | Tehachapi slender salamander | 12m | FY 2011 |
| 8 | Western gull-billed tern | 12m | FY 2011 |
| 4 | Coqui llanero | 12m/PLPCH | FY 2011 |
| 1 | 2 Idaho snowflies (straight snowfly, Idaho snowfly) | 90d | FY 2011 |
| 1 | Franklin's bumble bee | 90d | FY 2011 |
| 1 | Sand verbena moth | 90d | FY 2011 |
| 2 | Prairie chub | 90d | FY 2011 |
| 2 | Spot-tailed earless lizard | 90d | FY 2011 |
| 2 | Texas kangaroo rat | 90d | FY 2011 |

Exhibit B: Listing and Critical Habitat Work Plan for Fiscal Year (FY) 2011 and 2012

| RO | Species | Action | FR Date |
|----|---------|--------|---------|
| 3 | Golden-winged warbler | 90d | FY 2011 |
| 4 | 404 species | 90d | FY 2011 |
| 4 | Bay skipper butterfly | 90d | FY 2011 |
| 4 | Bay Springs salamander | 90d | FY 2011 |
| 4 | Smooth-billed ani | 90d | FY 2011 |
| 4 | Southeast snowy and wintering piping plover | 90d | FY 2011 |
| 4 | Spring Pygmy sunfish | 90d | FY 2011 |
| 5 | American eel | 90d | FY 2011 |
| 5 | Eastern small-footed bat/Northern long-eared bat | 90d | FY 2011 |
| 6 | Arapahoe snowfly | 90d | FY 2011 |
| 6 | Gila Monster (Utah population) | 90d | FY 2011 |
| 6 | Utah prairie dog | 90d | FY 2011 |
| 6 | Wild plains bison | 90d | FY 2011 |
| 7 | Red knot (subspecies *roselaari* ) | 90d | FY 2011 |
| 8 | 10 Great Basin butterflies (Baking Powder Flat blue butterfly, Mono Basin skipper, bleached sandhill skipper, Railroad Valley skipper, Carson Valley silverspot, Railroad Valley skipper, Carson Valley wood nymph, Steptoe Valley crescentspot, Mattoni's blue butterfly, and White River Valley skipper) | 90d | FY 2011 |
| 8 | 32 species of Pacific Northwest mollusks | 90d | FY 2011 |
| 8 | 42 species of Great Basin springsnails | 90d | FY 2011 |
| 8 | 6 Nevada dune beetles (Hardy's aegialian scarab,Sand Mountain serican scarab, Crescent Dunes aegialian scarab, Crescent Dunes serican scarab, large aegialian scarab, and Giuliani's dune scarab) | 90d | FY 2011 |
| 8 | Leona's little blue butterfly | 90d | FY 2011 |
| 8 | Spring Mountains acastus checkerspot butterfly | 90d | FY 2011 |
| 8 | Unsilvered fritillary butterfly | 90d | FY 2011 |
| 8 | Vernal pools CH (Vernal pool fairy shrimp and vernal pool tadpole shrimp) | 90d, CH | FY 2011 |
| 4 | Leatherback CH revision | 90d/12m, CH | FY 2011 |
| 3 | Ozark hellbender | FL/CITES | FY 2011 |
| 8 | Casey's June Beetle | FLFCH | FY 2011 |
| 4 | Altamaha spinymussel | FLFCH | FY 2011 |
| 4 | Georgia pigtoe, interrupted rocksnail, and rough hornsnail | FLFCH | FY 2011 |
| 4 | 5 Southeast fishes (Cumberland Darter, Rush Darter, Yellowcheek Darter, Chucky Madtom, and Laurel Dace) | FLPCH | FY 2011 |
| 6 | 3 Colorado plants (DeBeque phacelia, Parachute penstemon, Pagosa skyrocket) | FLPCH | FY 2011 |
| 1 | Slickspot peppergrass | PCH | FY 2011 |
| 3 | Sheepnose/spectaclecase | PL | FY 2011 |
| 2 | Dunes sagebrush lizard (was Sand dune lizard) | PL | FY 2011 |
| 3 | Rayed bean/snuffbox | PL | FY 2011 |
| 2 | 2 Arizona springsnails (*Pyrgulopsis bernardina, P. trivialis* ) | PLPCH | FY 2011 |
| 4 | 8 Gulf Coast mussels (round ebonyshell, southern kidneyshell, narrow pigtoe, southern sandshell, fuzzy pigtoe, Choctaw bean, tapered pigtoe, Alabama pearlshell) | PLPCH | FY 2011 |
| 1 | 23 Oahu species + 99 plants | PLPCH, rPCH | FY 2011 |
| 1 | Marbled murrelet | rFCH | FY 2011 |

**Exhibit B:  Listing and Critical Habitat Work Plan for Fiscal Year (FY) 2011 and 2012**

| RO | Species | Action | FR Date |
|---|---|---|---|
| 2 | Mexican wolf | 12m | FY 2012 |
| 4 | Spring pygmy sunfish | 12m | FY 2012 |
| 4 | Bay skipper butterfly | 12m | FY 2012 |
| 6 | Arapahoe snowfly | 12m | FY 2012 |
| 6 | Platte River caddisfly | 12m | FY 2012 |
| 8 | 10 Great Basin butterflies (Baking Powder Flat blue butterfly, Mono Basin skipper, bleached sandhill skipper, Railroad Valley skipper, Carson Valley silverspot, Railroad Valley skipper, Carson Valley wood nymph, Steptoe Valley crescentspot, Mattoni's blue butterfly, and White River Valley skipper) | 12m | FY 2012 |
| 8 | 14 aquatic mollusks (Tall pebblesnail, Diminuitive pebblesnail, Nerite pebblesnail, Potem pebblesnail,  Shasta Springs pebblesnail,  Nugget pebblesnail, Columbia Duskysnail, Masked duskysnail, Canary duskysnail, Basalt juga, Cinnamon juga, Knobby Rams-horn, Goose Valley pebblesnail, Hat Creek pebblesnail) | 12m | FY 2012 |
| 8 | 5 Railroad Valley springsnails (*Pyrgulopsis aloba, P. anatina, P. lockensis, P. papillata, and P. villacampae* ) | 12m | FY 2012 |
| 8 | 6 Nevada dune beetles (Hardy's aegialian scarab,Sand Mountain serican scarab, Crescent Dunes aegialian scarab, Crescent Dunes serican scarab, large aegialian scarab, and Giuliani's dune scarab) | 12m | FY 2012 |
| 8 | Spring Mountains acastus checkerspot butterfly | 12m | FY 2012 |
| 1 | I''iwi (*Vestiaria coccinea* ) | 90d | FY 2012 |
| 2 | 2 Arizona talussnails (Rosemont tallussnail, Sonoran talussnail) | 90d | FY 2012 |
| 2 | 2 Sky Island plants (*Graptopetalum bartramii, Pectis imberbis* ) | 90d | FY 2012 |
| 2 | Aztec gilia | 90d | FY 2012 |
| 5 | Bicknell's thrush | 90d | FY 2012 |
| 6 | White-tailed ptarmigan (*Lagopus leucura* ) | 90d | FY 2012 |
| 8 | Eagle Lake trout | 90d | FY 2012 |
| 8 | San Bernardino flying squirrel | 90d | FY 2012 |
| 1 | Slickspot peppergrass | FCH | FY 2012 |
| 4 | 5 Southeast fishes (Cumberland Darter, Rush Darter, Yellowcheek Darter, Chucky Madtom, and Laurel Dace) | FCH | FY 2012 |
| 6 | 3 Colorado plants (DeBeque phacelia, Parachute penstemon, Pagosa skyrocket) | FCH | FY 2012 |
| 3 | Rayed bean/snuffbox | FL | FY 2012 |
| 2 | Dunes sagebrush lizard (was Sand dune lizard) | FL | FY 2012 |
| 3 | Sheepnose/spectaclecase | FL | FY 2012 |
| 4 | Coqui llanero | FLFCH | FY 2012 |
| 2 | 2 Arizona springsnails (*Pyrgulopsis bernardina, P. trivialis* ) | FLFCH | FY 2012 |
| 4 | 8 Gulf Coast mussels (round ebonyshell, southern kidneyshell, narrow pigtoe, southern sandshell, fuzzy pigtoe, Choctaw bean, tapered pigtoe, Alabama pearlshell) | FLFCH | FY 2012 |
| 1 | 23 Oahu species + 99 plants | FLFCH, rFCH | FY 2012 |
| 2 | Jaguar | PCH | FY 2012 |
| 1 | 21 Big Island species | PL | FY 2012 |
| 1 | 29 Maui-Nui species + 108 plants CH; 2 birds CH | PL/PCH, rPCH | FY 2012 |
| 1 | South Puget Prairie ecosystem (mazama pocket gophers (8 subspecies), Taylor's checkerspot, streaked horned lark, and Mardon skipper) | PLPCH | FY 2012 |
| 1 | Umtanum buckwheat and White Bluffs bladderpod | PLPCH | FY 2012 |

**Exhibit B:  Listing and Critical Habitat Work Plan for Fiscal Year (FY) 2011 and 2012**

| RO | Species | Action | FR Date |
|----|---------|--------|---------|
| 2 | 2 Texas plants (Texas golden gladecress and Neches River rose-mallow) | PLPCH | FY 2012 |
| 2 | 4 Arizona plants (*Echinomastus erectocentrus var. acunensis, Erigeron lemmonii, Pediocactus peeblesianus fickeiseniae, Sphaeralcea gierischii*) | PLPCH | FY 2012 |
| 2 | 4 Texas salamanders  (Salado, Georgetown, Jollyville Plateau, Austin blind salamanders) | PLPCH | FY 2012 |
| 2 | 5 Southwest aquatics (Diamond Y springsnail, phantom cave snail, phantom springsnail, Gonzales springsnail, diminutive amphipod) | PLPCH | FY 2012 |
| 2 | Jemez Mountains salamander | PLPCH | FY 2012 |
| 2 | Lesser prairie-chicken | PLPCH | FY 2012 |
| 3 | Grotto sculpin | PLPCH | FY 2012 |
| 4 | 2 Arkansas mussels (neosho mucket and rabbitsfoot) | PLPCH | FY 2012 |
| 4 | 2 Tenn R. mussels (fluted kidneyshell and slabside pearlymussel) | PLPCH | FY 2012 |
| 4 | 3 Southern Florida plants (Florida semaphore cactus, shellmound applecactus, Cape Sable thoroughwort) | PLPCH | FY 2012 |
| 4 | Florida bonnetted bat | PLPCH | FY 2012 |
| 5 | Diamond darter | PLPCH | FY 2012 |
| 6 | Coral Pink Sand Dunes tiger beetle | PLPCH | FY 2012 |
| 6 | Gunnison sage-grouse | PLPCH | FY 2012 |

**12-month findings will be completed in accordance with this plan where the 90-finding determined the petition presented substantial information indicating the petitioned action may be warranted.**